IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALEX MENEFEE, | ) |
|     Plaintiff, | ) |
|         v. | )   Case No. 18-cv-1341 |
| THE BOARD OF EDUCATION OF LIMESTONE COMMUNITY HIGH SCHOOL DISTRICT NO. 310; and ALLAN GRESHAM, JEROLEE LOOK, and WILLIAM WOOD, In Their Individual and Official Capacities, | )   JURY TRIAL DEMANDED |
|     Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, ALEX MENEFEE, by and through her attorney, Nina R. Gougis, and as and for her Complaint and Demand for Jury Trial, states as follows:

**NATURE OF ACTION**

1. This action is brought pursuant to Title IX of the *Education Amendments of 1972*, 20 U.S.C. § 1681; the *Civil Rights Act of 1871*, 42 U.S.C. § 1983; and Illinois common law (as to Plaintiff's claims of conspiracy, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent hiring and supervision, and battery).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. The Central District of Illinois is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Central District of Illinois, within the meaning of 28 U.S.C. §1391(b).

**PARTIES**

4. The Plaintiff, ALEX MENEFEE, (hereinafter Plaintiff) is an 18-year-old female resident of the State of Illinois. She currently resides in Bartonville, Illinois.

5. At all times relevant to this Complaint, Plaintiff was a minor and student of Limestone Community High School. She graduated in May of 2018 and reached the age of majority in April of 2018.

6. Limestone Community High School is the only school owned and operated by Defendant, the BOARD OF EDUCATION OF LIMESTONE COMMUNITY HIGH SCHOOL DISTRICT NO. 310 (hereinafter the "Board" or "District"). MTHS and the District's offices both are located at 4201 S. Airport Road, Bartonville, Illinois 61607.

7. The District is an Illinois public school district and local government entity created under the laws of the state of Illinois, with the capacity to sue and be sued in this Court, and is engaged in management of Limestone Community High School.

8. Defendant ALLAN GRESHAM (hereinafter "GRESHAM") is a male resident of the State of Illinois. At all times relevant to this Complaint, GRESHAM has been the Superintendent of the District. At all times relevant to this Complaint, GRESHAM acted under color of state law and within the scope of his employment. As the Superintendent, GRESHAM is the chief officer responsible for management of the District – including hiring, discipline, supervision, termination, and review of faculty – subject to oversight from the Board.

9. Defendant JEROLEE LOOK (hereinafter "LOOK") is a female adult resident of the State of Illinois. At all times relevant to this Complaint, LOOK has been the Principal of Limestone Community High School. At all times relevant to this Complaint, LOOK acted under color of state law and within the scope of her employment. As Principal, LOOK is the chief officer responsible for management of Limestone Community High School, including supervising faculty and making recommendations regarding the termination and discipline of faculty to the Superintendent and/or Board.

10. As a part of its operation as an educational institution, the District annually receives federal funds under aid to education programs and activities and is subject to the anti-discrimination provision of Title IX of the *Educational Amendments of 1972*, 20 U.S.C. § 1681.

11. Defendant WILLIAM WOOD (hereinafter "WOOD") is a male adult resident of the State of Illinois. At all times relevant to this Complaint, WOOD has been employed by the District as a social studies teacher at Limestone Community High School. At all times relevant to this Complaint, WOOD acted under color of state law.

## STATEMENT OF FACTS

12. Upon information and belief, WOOD has been employed by the District as a teacher at Limestone Community High School for more than 25 years.

13. Plaintiff was a female student at Limestone Community High School in the 2017-2018 school year; at the time, Plaintiff was enrolled in classes under WOOD's supervision.

14. During Plaintiff's student contacts with WOOD, Plaintiff was subjected to unwelcome sexual advances – including groping – and sexual harassment from WOOD. The unwanted sexual advances and harassment were based on Plaintiff's sex – female.

15. WOOD has had a long-standing history of subjecting female students at Limestone Community High School to unwanted sexual advances and harassment, which included: making inappropriate comments about female students' appearance, leaning over female students' desks to look down their blouses, and groping female students' buttocks. Such conduct was repeatedly reported to the District's administrative staff, including, without limitation, GRESHAM and LOOK.

16. The Board and District, through its administrative staff, had actual knowledge concerning WOOD's long-standing sexual harassment of female students, as such incidents were repeatedly reported to District administration. At one point during his employment with the District, WOOD was removed from his duties as a physical education teacher due to his sexual harassment of female high school students.

17. Despite having actual knowledge WOOD's prior sexual harassment of female high school students, the Board, GRESHAM, LOOK, and other District administrative staff made no effort to prevent sexual harassment of female students by WOOD.

18. The District, GRESHAM, LOOK, and WOOD all created and contributed to an atmosphere of intimidation for those who reported WOOD's sexual harassment and inappropriate conduct toward female students.

19. At all times relevant to this complaint, GRESHAM and LOOK, along with all other District staff, were mandated reporters and had a legal duty to report to the Illinois Department of Children and Family Services ("DCFS") if they had reason to believe physical or sexual abuse of a minor occurred. Upon information and belief, District administrative staff failed to report the incidents of harassment to DCFS, as required by law.

20.     The Board and the District, acting through its supervisory and administrative employees, knew or were deliberately indifferent to the risk that WOOD was sexually harassing female high school students. Despite this actual knowledge of the risk of sexual harassment of female students by WOOD, the Board and the District, acting through its supervisory and administrative employees, made no effort to prevent sexual harassment of female students by WOOD.

21.     On or around January 5, 2017 WOOD sexually harassed Plaintiff by groping and cupping his hand on Plaintiff's buttocks multiple times. Plaintiff reported the incident to LOOK, who responded that she would "talk to" WOOD.

22.     Upon information and belief, WOOD reported the above incident to GRESHAM.

23.     The District, GRESHAM and LOOK failed to properly address WOOD's sexual harassment of Plaintiff and other female high school students. Upon information and belief, neither WOOD nor GRESHAM reported the above incident to DCFS.

24.     The Defendants had actual knowledge of and were deliberately indifferent to above-described harassment that was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational benefits and opportunities provided by Limestone Community High School and the District.

25.     By virtue of the Defendants' actions, as alleged above, the Plaintiff has suffered severe emotional distress, for which he is receiving counseling and therapy. Plaintiff's family has incurred the cost of mental health treatment as a result.

**COUNT I**
**42 U.S.C. § 1983**
**(Against the BOARD, GRESHAM, LOOK, and WOOD)**

26.     The foregoing paragraphs 1-25 are re-alleged and incorporated herein by reference.

27. At all times material, there was in full force and effect the *Civil Rights Act of 1871*, 42 U.S.C. § 1983, which provided:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subject, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding or redress…

28. At all times material there was in full force and effect the Fourteenth Amendment to which provided:

> Section I.  … No State shall … … deny to any person within its jurisdiction the equal protection of the laws.

29. WOOD, while acting under color of state law, denied Plaintiff her right to equal protection of the laws by discriminating against her in her student capacity at Limestone Community High School on the basis of her sex by his sexual harassment of Plaintiff.

30. The District, while acting under the color of State law, knew and was deliberately indifferent to the risk that WOOD would sexually harass and/or sexually abuse female high school students and denied Plaintiff her rights to equal protection of the laws by discriminating against Plaintiff on the basis of her sex by making no effort to address prior incidents of WOOD's sexual harassment of female student or to prevent sexual harassment of Plaintiff by WOOD.

31. LOOK, while acting under the color of State law, facilitated and turned a blind eye to the sexual harassment and abuse that occurred to the Plaintiff by failing to address prior incidents of WOOD's sexual harassment of female students, allowing WOOD to remain in a position of trust as a teacher at Limestone High School, and failing to adequately address WOOD's sexual harassment of Plaintiff (*e.g.*, refusing to discipline WOOD or recommend WOOD's termination and failing to report the sexual abuse to DCFS).

32. GRESHAM, while acting under the color of State law, facilitated and turned a blind eye to the sexual harassment and abuse that occurred to the Plaintiff by failing to address prior incidents of WOOD's sexual harassment of female students, allowing him to remain in a position of trust as a teacher at Limestone High School, and failing to adequately address WOOD's sexual harassment of Plaintiff (*e.g*., refusing to discipline WOOD or recommend WOOD's termination and failing to report the sexual abuse to DCFS).

33. The District created risk of harm to its female students by allowing WOOD to remain in his position of trust as a teacher at Limestone Community High School, despite having actual knowledge of his previous sexual harassment of female students.

## COUNT II
## 42 U.S.C. § 1983
### (Against the BOARD, GRESHAM, LOOK, and WOOD)

34. Paragraphs 1-33 are realleged and incorporated herein by reference.

35. At all times material, there was in full force and effect in the United States a certain statute known as *Title IX of the Education Amendments of 1972*, which provides:

> No person in the United States shall, on the basis of sex, be excluded for participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, … 20U.S.C. § 1681 (a)

36. Agents and employees of the District, GRESHAM, and LOOK knew of the risk of sexual harassment of female students by WOOD but did nothing to prevent the sexual harassment of Plaintiff by WOOD.

37. Despite such notice of WOOD's conduct, the District, LOOK, and GRESHAM were deliberately indifferent to the sexual harassment and risk thereof of Plaintiff and other current and/or former students at Limestone High School.

7

38. Despite such notice of WOOD's conduct, the District, LOOK and GRESHAM were deliberately indifferent to the sexual harassment by failing to timely report alleged conduct to DCFS.

### COUNT III
### CONSPIRACY TO DEPRIVE OF CONSTITUTIONAL RIGHTS
### 42 U.S.C. § 1983

39. The foregoing paragraphs 1-38 are re-alleged and incorporated herein by reference.

40. Defendants conspired to deprive Plaintiff of her due process rights, as well as her rights under Titles IX of the *Civil Rights Act*, in violation of 42 U.S.C. §1983. Plaintiff was deprived her rights as a result of Defendants' actions.

### COUNT IV
### CONSPIRACY TO DEPRIVE OF CONSTITUTIONAL RIGHTS
### Illinois Common Law

41. The foregoing paragraphs 1-40 are re-alleged and incorporated herein by reference.

42. Defendants knowingly and voluntarily participated in the above-referenced common scheme to commit an unlawful act and/or a lawful act in an unlawful manner.

### COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Illinois Common Law – Against Defendant, WOOD)

43. The foregoing paragraphs 1-25 are re-alleged and incorporated herein by reference.

44. WOOD intentionally acted in an extreme and outrageous manner toward Plaintiff.

45. WOOD either intended that his conduct inflict emotional distress on Plaintiff or knew that there was a high probability that his conduct would cause severe emotional distress to Plaintiff.

46. WOOD's actions have, in fact, caused Plaintiff emotional distress so severe that no reasonable person should be expected to endure it.

## COUNT VI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Illinois Common Law – Against All Defendants)

47. The foregoing paragraphs 1-25 are re-alleged and incorporated herein by reference.

48. Defendants owed a duty of care to and a duty to protect Plaintiff. Defendants have breached their duties.

49. Plaintiff has suffered injury that was proximately caused by Defendants' breach.

## COUNT VII
### NEGLIGENT RETENTION AND SUPERVISION
(Illinois Common Law – Against the Defendants, District, GRESHAM, and LOOK)

50. The foregoing paragraphs 1-25 are re-alleged and incorporated herein by reference.

51. The District, GRESHAM, and LOOK owed a duty to protect Plaintiff and other former and current students at Limestone High School; to adequately supervise District employees, especially those charged with caring for students; and to ensure that District employees, especially those charged with caring for students, are fit for the job so as not to create a danger of harm to third parties.

52. The District, GRESHAM, and LOOK knew or should have known that WOOD was unfit for his job and was unfit to have students in his care, based on his prior wrongful conduct and history of sexually harassing female students.

53. The District, GRESHAM, and LOOK, breached their duty to Plaintiff by: (1) continuing to retain WOOD in his capacity as a teacher; (2) failing to adequately supervise WOOD; (3) failing to take appropriate action in response to reports of WOOD's wrongful conduct.

54. Plaintiff was harmed as a direct and proximate result of the District's, GRESHAM's, and LOOK's breach.

## COUNT VIII
## BATTERY
### (Illinois Common Law – Against Defendant, WOOD)

55. Paragraphs 1-25 are realleged and incorporated herein.

56. The Plaintiff was injured and sexually harassed when the WOOD physically touched, groped, and/or molested the Plaintiff.

57. WOOD is guilty of committing physical battery against the Plaintiff by sexually harassing and inappropriately touching the Plaintiff.

58. As a direct and proximate result of one or more of the aforesaid incidents and acts by WOOD, the Plaintiff was then and there injured and did suffer and has suffered pain and suffering including mental distress for which she has become liable for various sums for counseling as result of the aforementioned battery.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ALEX MENEFEE, requests that Court award her the following relief:

(a) That the Defendants, upon trial by jury, be adjudicated to have violated the Plaintiff's rights under Title IX of the *Civil Rights Act*, 42 U.S.C. § 2000d, *et. seq.*; 42 U.S.C. § 1983; and Illinois common law (as to Plaintiff's claims of conspiracy, negligent infliction of emotional distress, intentional infliction of emotional distress, negligent retention and supervision, and battery);

(b)  That Plaintiff be awarded compensatory damages, punitive damages, and all other benefits, and/or other appropriate relief to which he is entitled by virtue of Defendants' violations;

(c)  That Plaintiff be awarded prejudgment interest on the above damages;

(d)  That Plaintiff be awarded reasonable attorneys' fees, costs and litigation expenses incurred in this lawsuit, with interest thereon; and

(e)  That Plaintiff be awarded any such other and further relief deemed just.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully Submitted,

ALEX MENEFEE, Plaintiff,

By: /s/ Nina R. Gougis
Attorney for Plaintiff

Law Office of Nina R. Gougis
411 Hamilton Blvd., Ste. 1928
Peoria, Illinois 61602
Phone: (309) 282-6325
Fax: (309) 279-5214
Email: ninagougislaw@gmail.com